PEOPLE *v.* GILLINGHAM.

Fish—Nets—Size of Meshes—Construction of Statute.

2 Comp. Laws, § 5844, forbidding the use in the waters of this State of pound nets the meshes of which are of less than 4 inches extension "as manufactured," and section 5846, providing that nets having 2¼-inch meshes may be used in certain localities, both have reference to the size of the meshes when the net is manufactured, and do not authorize a conviction for fishing with a net having meshes of the required size when purchased, but which have shrunk to less than that size when used.

Exceptions before judgment from Iosco; Connine, J. Submitted May 8, 1902. (Docket No. 156.) Decided June 17, 1902.

James H. Gillingham was convicted of unlawfully fishing on May 16, 1901, with a pound net having meshes less than 2¼ inches in size. Reversed.

*Simonson, Gillett & Clark,* for appellant.

*Charles A. Jahraus,* Prosecuting Attorney, for the people.

Hooker, C. J. This defendant was convicted under section 5846, 2 Comp. Laws, of unlawfully fishing with a pound net the meshes of which were less than the size pre-

scribed by law, viz., 2¼ inches. It was shown beyond controversy that the meshes of the net as manufactured were of the required size, but that they had since shrunk until they were one-half or three-fourths of an inch smaller than 2¼ inches. The only question in the case that requires consideration is whether the legislature intended to fix the size of the mesh as manufactured or as used. The learned circuit judge was of the opinion that the act should be given the latter construction.

The section in question is a portion of an act to regulate the catching of fish, etc., passed in 1897, being Act No. 151 of the Public Acts of that year. Section 5846 has been amended since, but the amendment did not change its effect for the purposes of this case. The first section of the act (section 5844) provides that:

"There shall not be used  *  *  *  any pound or trap net  *  *.  *  the meshes of which are less than permitted by this act, which are as follows: The mesh of every pound or trap net  *  *  *  shall be at least four inches extension measure, as manufactured, in the pot, pound, or crib."

Section 5846 provides that:

"It shall be unlawful for any person to fish with any kind of net whatever in the waters of this State from the thirtieth day of October to the fifteenth day of December:  *  *  *  Provided, however, two and one-fourth inch mesh in pots for the purpose of catching herring and other rough fish in any vicinity where it will not interfere with or catch immature whitefish or lake trout may be used," etc.

It is seen from the foregoing quotations that the policy of the State was to require all pound nets in general use to be of at least four inches of extension as manufactured, subject to a provision that in certain localities a smaller mesh might be used. We think that the proviso, by relation, implies that the 2¼-inch mesh was intended to be as manufactured. The question is a close one, and it might possibly be said that the design of the legislature was that persons desiring to avail themselves of the privilege of

fishing with a smaller net than that in general use must see to it that their net, when used, should not measure less than 2¼ inches. But the act is a penal one, and, under established rules, should not receive a technical construction as against those claiming the benefit of the proviso. If this construction militates against the interests of the State, an amendment can easily be made.

The conviction is reversed, and a new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.